

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

July 2, 2007

*Application granted*

**SO ORDERED:**

WILLIAM H. PAULEY III U.S.D.J.
7/6/07

**VIA HAND DELIVERY**
Honorable William H. Pauley III
United States District Judge
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

Re: <u>Shawn Stevenson et al. v. City of New York et al.</u>, 07 Civ. 5612 (WHP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above matter on behalf of defendant City of New York. In essence, plaintiffs' complaint alleges false imprisonment, and excessive force, as to plaintiff Shawn Stevenson, following an incident on January 13, 2007, wherein plaintiff Cassandra Stevenson allegedly called an ambulance to evaluate her son, Shawn Stevenson, whom she believed his demeanor indicated advanced inebriation. Additionally, plaintiff Cassandra Stevenson claims that she was emotionally injured as a result of the incident. Consequently, <u>I write to respectfully request a sixty (60) day enlargement of time, until August 31, 2007, for this Office to respond to the complaint.</u> Based upon the date of service on this Office, the City's response is presently due on or about July 2, 2007. Plaintiff consents to this request. I note further that no previous request for an extension has been made in this action.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff Shawn Stevenson alleges that he was falsely arrested and that excessive force was used against him. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The executed release is necessary for our office to obtain the District Attorney, Criminal

2

Court and police records pertaining to plaintiff's underlying arrest and prosecution. In addition, given plaintiffs' allegations that they were subjected to physical injury and emotional distress, a release for any records of medical treatment must also be obtained. Further, the extension should allow time for this office to determine, the identities of the John Doe defendants.

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the requested enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant our request for a sixty-day enlargement of the City defendants' time to respond to the complaint, until August 31, 2007.

I thank the Court for its time and consideration in this matter.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Via Facsimile (212) 529-0644
      George D. Wachtel, Esq.
      Kuby & Perez, LLP
      740 Broadway, 5th Floor
      New York, NY 10003