UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN STEVENSON and CASSANDRA STEVENSON,<br><br>　　　　　　　　　　Plaintiffs<br><br>-against-<br><br>CITY OF NEW YORK;<br>CITY OF NEW YORK POLICE OFFICERS KATHERINE CASTANEDA, 81st PCT. and NICHOLAS HORUN, 81st PCT.<br><br>　　　　　　　　　　Defendants | Index 07 CV 5612(WHP)<br>ECF Case<br><br>AMENDED COMPLAINT<br><br>A jury trial is demanded |

Plaintiffs SHAWN STEVENSON and CASSANDRA STEVENSON by their attorneys, Kuby & Perez LLP, bring this action under 42 USC §1983 to redress violations of their civil and legal rights, and allege as follows:

### NATURE OF THE CASE

Shawn Stevenson was falsely arrested and subjected to excessive force by the arresting officers, resulting in severe injuries including fracture of his eye socket. His mother, Cassandra Stevenson, was present in the immediate vicinity while her son was abused by the arresting officers and suffered emotional injuries

### JURISDICTION

1. This Court has jurisdiction under 42 U.S.C.A. §§1983.

2. This court has jurisdiction over New York State causes of action herein stated under principles of pendent jurisdiction.

### VENUE

3. Venue in this District is proper under 28 U.S.C. §1391 in that defendant City of New York is administratively located within the Southern District of New York.

1

## NOTICE

4. Notice to the City of New York pursuant to NY Gen. Mun. Law §50-e was timely filed. Hearings pursuant to NY Gen. Mun. Law §50-h were held on May 22, 2007. Defendants have not adjusted or settled the claim.

## PARTIES

5. Plaintiffs are and were at all times relevant citizens of the State of New York, residing in Kings County.

6. Defendant City of New York is and was at all times relevant a municipal corporation created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the hiring and training of police officers, as well as to the maintenance of a police force as said risk attaches to the public consumers of the services provided by members of the New York City Police Department ("NYPD"). Defendant City of New York was at all times relevant the public employer of defendant NYPD Officers.

7. Defendant police officers were at all times relevant members of the NYPD. Individually and in concert, while on duty as police officers, they caused the injuries complained of herein.

8. At all times relevant, the officers were acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York.

## FACTS

9. On Saturday, January 13, 2007, at approximately 1am, plaintiff Shawn Stevenson was drinking beer outside the home of plaintiff Cassandra Stevenson, his mother, in Brooklyn, NY., and speaking in loud tones with a friend

10. Cassandra Stevenson observed her son from her apartment window. She believed his demeanor indicated advanced inebriation and grew concerned about his well being.

11. She called for an ambulance and told the operator she wanted someone to evaluate Shawn.

12. She then went downstairs to await the ambulance.

13. When the ambulance arrived the EMS personnel refused to deal with Shawn. Instead they called the police.

14. The two defendant police officers arrived in a patrol car a few minutes later. Cassandra observed them pulling on rubber gloves as they advanced toward Shawn.

15. Cassandra approached the officers and said to them, in sum and substance, that her son had no weapons, was not violent, and that she was fearful the officers might "shoot first and ask questions later."

16. One officer spoke with Shawn. Shawn turned away to leave, saying in sum and substance that the officers had no cause for detaining him. He did not threaten them or make any movements suggesting threats or violence.

17. One officer thereupon pushed him, grasped him about the body, and threw him face down onto the pavement.

18. The officer immobilized Shawn's arms behind him, and, using a hard

3

object that could have been a nightstick or flashlight, beat Shawn repeatedly about the head.

19. The other officer physically prevented Cassandra from going to her son.

20. At all times Cassandra was within a few feet of her son and observed every second of the event.

21. After the beating, the EMS personnel placed Shawn on a stretcher, carried him to the ambulance, and removed him to St. John's Interfaith Hospital, in Brooklyn.

22. Shawn was diagnosed with a fractured orbital bone, lacerations requiring sutures, and bruising.

23. He remained in the hospital for four days, part of the time handcuffed to his bed and under police observation.

24. No charges were filed.

25. Since the incident, Shawn's chronic depression and emotional suffering have grown worse. His drinking increased to the point where he sought treatment.

26. Cassandra also suffered dire emotional distress. She had stopped drinking 27 years earlier but the incident has caused her to relapse.

27. No charges were filed against Shawn

## CAUSES OF ACTION

28. Plaintiff incorporates by reference every allegation in this Complaint as if fully set forth in every Cause of Action hereunder.

### FIRST:
### 42 U.S.C. §1983 DEPRIVATION OF CIVIL RIGHTS
### ALL DEFENDANTS

29. Defendants violated plaintiff Shawn Stevenson's well established constitutional rights under the 4th and 14th Amendments by arresting him without

reasonable cause.

**SECOND:**
**42 U.S.C. §1983 DEPRIVATION OF CIVIL RIGHTS**
**ALL DEFENDANTS**

30.   Defendants violated plaintiff Shawn Stevenson's well established constitutional rights under the 4th and 14th Amendments in that they employed excessive force in effecting his arrest.

**THIRD:**
**LIABILITY OF DEFENDANT CITY OF NEW YORK FOR CIVIL RIGHTS VIOLATIONS**

31.   The violence inflicted on plaintiff by defendant officers resulted directly from policies and climate created and promulgated by the City of New York.

**FOURTH:**
**ASSAULT AND BATTERY**
**POLICE OFFICER DEFENDANTS**

32.   The conduct of defendant police officers in throwing plaintiff to the ground and battering him without reasonable cause was tortious.

**FIFTH:**
**WILFUL AND NEGLIGENT INFLICTION OF**
**MENTAL AND EMOTIONAL DISTRESS**
**POLICE OFFICER DEFENDANTS**

33.   Defendant police officers subjected plaintiff Shawn Stevenson to severe and lasting emotional distress in order to subject him to their authority.   They inflicted severe emotional distress on plaintiff Cassandra Stevenson by brutalizing her son in her presence.   Their conduct was beyond the pale of civilized human behavior.

**SIXTH:**

## NEGLIGENT HIRING, TRAINING, AND SUPERVISION
## DEFENDANT CITY OF NEW YORK

34. Plaintiffs' injuries are directly attributable to the City of New York's failure to properly hire, train, and supervise its police officer employees and agents.

## SEVENTH:
## *RESPONDEAT SUPERIOR*
## DEFENDANT CITY OF NEW YORK

35. The violations and torts committed by defendant police officers are attributable to defendant City of New York under a theory of *respondeat superior*.

**WHEREFORE** plaintiffs demand the following relief jointly and severally against all defendants:

A. Injunctive relief, in that this Court should compel defendant City of New York to control illegal conduct and unjustified brutality among its enforcement officers

B. Declaratory relief in that this Court should declare that the conduct of defendants City of New York and Officers violated plaintiff's constitutional rights;

C. Compensatory damages;

D. Punitive damages;

E. Costs and interest and attorney's fees;

F. Such other and further relief as this court may deem appropriate and equitable in the interests of justice.

Dated:  New York, New York
        October 1, 2007         /s/
                                GEORGE WACHTEL [GW-5921]
                                Kuby & Perez, LLP
                                740 Broadway, 5th Floor
                                New York, New York 10003
                                (212) 529-0223

**VERIFICATION**

The original complaint, dated May 23, 2007, was duly verified by plaintiffs. This amended complaint is identical in every allegation. The only amendment is the substitution of named police officers for "Doe" defendants.