UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAWN STEVENSON and CASSANDRA
STEVENSON,

                                                    Plaintiffs,

                        -against-

CITY OF NEW YORK, CITY OF NEW YORK POLICE
OFFICERS KATHERINE CASTANEDA, 81st PCT. and
NICHOLAS HORUN, 81st PCT.,

                                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED
COMPLAINT ON BEHALF
OF DEFENDANT CITY OF
NEW YORK**

07 Civ. 05612 (WHP)

Jury Trial Demanded

Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully

alleges, upon information and belief, as follows:

        1.      Denies the allegations in the first unnumbered paragraph entitled "Nature

of the Case."

        2.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiffs purport to invoke jurisdiction of this Court as stated therein.

        3.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiffs purport to invoke jurisdiction of this Court as stated therein.

        4.      Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiffs purport to base venue as stated therein.

        5.      Denies the allegations set forth in paragraph "4" of the complaint, except

admits that a document purporting to be a Notice of Claim was received by the office of the

Comptroller on or about March 29, 2007 and a hearing pursuant to NY Gen. Mun. Law § 50-h was held on May 22, 2007.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

7.      Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal entity and that it maintains a Police Department, and respectfully refers the Court to the New York City Charter and the Administrative Code for the relationship between the City and the New York City Police Department.

8.      Denies the allegations set forth in paragraph "7" of the complaint, except admits that individuals named Katherine Castaneda and Nicholas Horun are New York City Police Officers.

9.      The allegations set forth in paragraph "8" of the complaint constitute legal conclusions to which no response is required.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

14.      Denies the allegations set forth in paragraph "13" of the complaint, except admit that EMT personnel called for police assistance.

15.    Denies the allegations set forth in paragraph "14" of the complaint, except admits that police officers arrived at the location and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Cassandra's observations.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

17.    Denies the allegations set forth in paragraph "16" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether an officer spoke with Shawn and whether Shawn turned away to leave.

18.    Denies the allegations set forth in paragraph "17" of the complaint.

19.    Denies the allegations set forth in paragraph "18" of the complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

22.    Denies the allegations set forth in paragraph "21" of the complaint, except admits that Shawn was transported by EMS to St John's Interfaith Hospital.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

26.    Denies the allegations set forth in paragraph "25" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shawn's psychological condition.

27.    Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Cassandra's psychological condition.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

29.    In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

30.    Denies the allegations set forth in paragraph "29" of the complaint.

31.    Denies the allegations set forth in paragraph "30" of the complaint.

32.    Denies the allegations set forth in paragraph "31" of the complaint.

33.    Denies the allegations set forth in paragraph "32" of the complaint.

34.    Denies the allegations set forth in paragraph "33" of the complaint.

35.    Denies the allegations set forth in paragraph "34" of the complaint.

36.    Denies the allegations set forth in paragraph "35" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

37.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

38.    Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

39.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

40.    Plaintiffs provoked any incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41.    Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42.    Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43.    To the extent applicable, there was probable cause for plaintiffs' arrest.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44.    To the extent applicable, there was reasonable suspicion for plaintiffs' detentions and/or arrest.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45.    Plaintiffs cannot obtain punitive damages as against the City of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46.    To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            November 7, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 788-8084

                    By:      *Daniel M. Haz*
                              David M. Hazan (DH-8611)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:      **Via ECF and First Class Mail**
         George Wachtel, Esq.
         Kuby & Perez, LLP
         740 Broadway, 5th Floor
         New York, NY 10003

Docket No. 07 Civ. 05612 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN STEVENSON and CASSANDRA
STEVENSON,

                                                    Plaintiffs,

                            -against-

CITY OF NEW YORK, CITY OF NEW YORK
POLICE OFFICERS KATHERINE CASTANEDA,
81st PCT. and NICHOLAS HORUN, 81st PCT.,

                                                    Defendants.

**ANSWER TO AMENDED COMPLAINT ON
BEHALF OF DEFENDANT CITY OF NEW
YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: David M. Hazan*
*Tel:  (212) 788-8084*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2007*

*................................................................... Esq.*

*Attorney for ........................................................*

- 7 -

## <u>DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL</u>

I, David Hazan, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on November 7, 2007, I served the annexed Answer to the Amended Complaint of Defendant City of New York, by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

George Wachtel, Esq.
Kuby & Perez, LLP
740 Broadway, 5th Floor
New York, NY 10003

Dated: New York, New York
       November 7, 2007

David M. Hazan
Assistant Corporation Counsel
Special Federal Litigation Division

- 8 -