UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAWN STEVENSON and CASSANDRA
STEVENSON,

                                                Plaintiffs,

-against-

CITY OF NEW YORK, CITY OF NEW YORK POLICE
OFFICERS KATHERINE CASTANEDA, 81st PCT. and
NICHOLAS HORUN, 81st PCT.,

                                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT KATHERINE CASTANEDA**

07 Civ. 05612 (WHP)

Jury Trial Demanded

        Defendant Katherine Castaneda, by her attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for her answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations in the first unnumbered paragraph entitled "Nature of the Case."

        2.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to invoke jurisdiction of this Court as stated therein.

        3.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to invoke jurisdiction of this Court as stated therein.

        4.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

        5.    Denies the allegations set forth in paragraph "4" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the office of the

Comptroller on or about March 29, 2007 and a hearing pursuant to NY Gen. Mun. Law § 50-h was held on May 22, 2007.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

7. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal entity and that it maintains a Police Department, and respectfully refers the Court to the New York City Charter and the Administrative Code for the relationship between the City and the New York City Police Department.

8. Denies the allegations set forth in paragraph "7" of the complaint, except admits that individuals named Katherine Castaneda and Nicholas Horun are New York City Police Officers.

9. The allegations set forth in paragraph "8" of the complaint constitute legal conclusions to which no response is required.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

14. Denies the allegations set forth in paragraph "13" of the complaint, except admit that EMT personnel called for police assistance.

15. Denies the allegations set forth in paragraph "14" of the complaint, except admits that police officers arrived at the location and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Cassandra's observations.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

17. Denies the allegations set forth in paragraph "16" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether an officer spoke with Shawn and whether Shawn turned away to leave.

18. Denies the allegations set forth in paragraph "17" of the complaint.

19. Denies the allegations set forth in paragraph "18" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

22. Denies the allegations set forth in paragraph "21" of the complaint, except admits that Shawn was transported by EMS to St John's Interfaith Hospital.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

26. Denies the allegations set forth in paragraph "25" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shawn's psychological condition.

27. Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Cassandra's psychological condition.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

29. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "29" of the complaint.

31. Denies the allegations set forth in paragraph "30" of the complaint.

32. Denies the allegations set forth in paragraph "31" of the complaint.

33. Denies the allegations set forth in paragraph "32" of the complaint.

34. Denies the allegations set forth in paragraph "33" of the complaint.

35. Denies the allegations set forth in paragraph "34" of the complaint.

36. Denies the allegations set forth in paragraph "35" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

37. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

38. Defendant Katherine Castaneda has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

39. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

40. Plaintiffs provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

41. Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

42. Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

43. To the extent applicable, there was probable cause for plaintiffs' arrest.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

44. To the extent applicable, there was reasonable suspicion for plaintiffs' detentions and/or arrest.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

45. Defendant Katherine Castaneda has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendant Katherine Castaneda requests judgment dismissing the Complaint, as against her together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 20, 2007

>                                    MICHAEL A. CARDOZO
>                                    Corporation Counsel of the
>                                      City of New York
>                                    Attorney for Defendant City of New York
>                                    100 Church Street
>                                    New York, New York 10007
>                                    (212) 788-8084
>
>                              By:   _____
>                                    David M. Hazan (DH-8611)
>                                    Assistant Corporation Counsel
>                                    Special Federal Litigation Division

To:   **Via ECF and First Class Mail**
      George Wachtel, Esq.
      Kuby & Perez, LLP
      119 West 23rd Street, Suite 900
      New York, New York 10011

Docket No. 07 Civ. 05612 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN STEVENSON and CASSANDRA STEVENSON,

                                          Plaintiffs,

-against-

CITY OF NEW YORK, CITY OF NEW YORK POLICE OFFICERS KATHERINE CASTANEDA, 81st PCT. and NICHOLAS HORUN, 81st PCT.,

                                          Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT KATHERINE CASTANEDA**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York and Katherine Castaneda*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................,2007*

*................................................................ Esq.*

*Attorney for ........................................................*

- 7 -

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, David Hazan, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on November 20, 2007, I served the annexed Answer to the Amended Complaint of Defendant Katherine Castaneda, by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> George Wachtel, Esq.
> Kuby & Perez, LLP
> 119 West 23rd Street, Suite 900
> New York, New York 10011

Dated: New York, New York
       November 20, 2007

                                                                                      _David M. Hazan_ (signature)
                                            David M. Hazan
                                            Assistant Corporation Counsel
                                            Special Federal Litigation Division